MATTER OF WILLNER

In Visa Petition Proceedings

A-13447293

*Decided by Regional Commissioner June 15, 1965*

Since the occupation of baker of hearth-baked breads requires the high degree of skill contemplated by the statute, first preference classification under section 203(a)(1), Immigration and Nationality Act, as amended, as a baker of Eastern-European hearth-baked breads, is accorded the beneficiary of a visa petition, who, in addition to 3 years' apprenticeship as a baker, has an aggregate of more than 15 years'- experience in the baking of such breads.

This case is before us on appeal for the second time. The first denial and the dismissal of the appeal resulted in a court action by the petitioner. The court remanded the case to the Service. The district director has again denied the petition.

The petitioner is a wholesale bakery employing an average of 130 persons, of whom about 40 are directly engaged in the production of bakery goods. It was established in 1930 and has annual gross sales of about $2 million.

The cake and pastry department has two ovens and the bread department, three ovens. Of the production, 50% is breads, 15% is hard rolls, 2% is chale, and 33% is cakes and pastries. The largest single volume-item is hearth-baked sour rye bread.

The petitioner desires to employ the beneficiary of this petition as a baker of old-fashioned, Eastern-European, hearth-baked breads and rolls. The petitioner states that the position requires a person who has had at least 5 years of experience in making such products.

The petitioner requires a baker to fill a vacancy. The Bureau of Employment Security has certified that persons qualified to do the work described are not available in the United States.

The beneficiary of this petition, unmarried, was born in Poland on April 22, 1918, and is a citizen of Israel. He was admitted to the United States as a visitor on April 29, 1963.

The beneficiary learned the bread-baking trade as a youth in

Poland. He served his apprenticeship at the bakery of Moses Greber in Sanok, Poland, from 1932 to 1935. He was then employed by the Mikolajewicz Bakery in Rzeszow, Poland, from 1935 to 1939 as a baker of bread, which. included black bread, white rolls, and chale. During his last year in a Russian concentration camp during the war, he baked bread for the camp.

Evidence has been presented·that the beneficiary was thereafter employed by the following bakeries. He was employed at the Azhkhabad Bakery in Azhkhabad, Russia, from July 17, 1943 to March 9, 1945, as a master bread baker and from March 9, 1945 to October 16, 1946, as manager of the bakery plant. He was employed at the Lithuanian Railway Bakery in Kalinigrad from May 14, 1947, to November 9, 1948, as manager of the bakery plant. The plant baked Russian bread and rolls. He was employed by the bakery of Warzécha Henry at Jacmierz, Rzeszow, Poland, from January 15, 1958, to April 1, 1960, as a baker, baking various breads, such as rye bread, pumpernickel, and crushed corn bread. He was employed by Hagalil Bakery in Safad, Israel, from August 12, 1960, to April 9, 1963, baking rye bread, whole wheat bread, brown and dark breads, white bread, twists, and all kinds of European breads. ...

The beneficiary has been employed in the bread department of the petitioner since August 1963 and has been performing the duties of the position. His performance has established to the petitioner's satisfaction that he has the required specialized experience.

The district director first denied this petition on February 7, 1964. He denied it on the ground that the position is not one which requires the high degree of skill contemplated by the statute, because it does not require well-rounded baking skills, such as those involved in the baking of fancy cakes and pastry products. The petitioner appealed, and the appeal was dismissed.

On March 27, 1964, the petitioner filed in the United States District Court of the Northern District of Illinois, Eastern Division, a complaint to review the administrative action in this case. On June 19, 1964, the court remanded the cause to the district director for further hearing on the expertise required for the occupation of baker of hearth-baked breads.

The general manager of the petitioning company testified as follows before an officer of this Service on September 21, 1964, and on March 10, 1965. The bread and rolls are referred to as hearthbaked because of their special ingredients and because they are baked in free form, not in pans, and are placed in, and removed from, the ovens manually by means of peels. The beneficiary is

one of the ovenmen. In this company, the responsibility for the proofing and for the baking go hand-in-hand. The ovenman is responsible for the proofing of the dough he will bake, but not for the mixing of the ingredients.

The general manager also described the duties of the position in detail. The duties are to observe the dough during the final proofing process, adjust the humidity and the temperature in the proofing room, and determine when the proofing process is completed; to apply distinct washes, such as egg washes, and coverings to various products before baking and boil the dough for bagels; to load the dough into the ovens on peels, spacing the dough properly; to bake it, evaluating the process by the color and expansion of the dough and regulating the steam, temperature, and humidity accordingly, and determine when the product is baked; and to remove it from the ovens manually by means of a peel. The duties also entail working at the bench for an hour or two a day, shaping and forming dough for bread and rolls and braiding the dough for chale.

The petitioner submitted the affidavits of two partners in a Chicago bakery which produces hearth-baked bread and rolls common in Eastern Europe, such as rye, pumpernickel, chale, bagels, and onion rolls. One partner, who has been a baker for 11 years, stated that it takes at least 5 years for a person to master the trade of making such hearth-baked bread and rolls. The other partner, who has been a baker for about 30 years, stated that it takes at least 3 years.

The Service interviewed the superintendent of baking of another Chicago baking company, which produces all types of breads and bread products, including European breads, and employs 18 open-hearth bakers. He stated in an affidavit that the company trains its own bakers and that it takes about 2 years to train an open-hearth baker at the ovens. In his plant, the open-hearth bakers do not mix the dough nor proof the dough. He estimated a training time of 6 months to a year, each, for a dough maker and a dough proofer who has had other baking experience.

Large baking plants, such as the petitioner, employ baking specialists rather than all-round bakers, although they have the general occupational title of bakers. The Occupational Outlook Handbook of the United States Department of Labor says that skilled workers in the baking industry, such as all-round bakers and baking specialists, require at least 3 or 4 years of training.

The petitioner urgently needs the services of a baker, and it has

been found that such worker is not available. The position requires specialized experience within the meaning of the statute for first preference under the quota. The beneficiary of the petition qualifies for the position by his specialized experience. His services would be beneficial prospectively to the economy and welfare of the United States.

We conclude that the requirements of the statute for first preference under the quota have been met. Accordingly, the following order will be entered.

**ORDER:** It is ordered that the petition be approved.